

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Arthur J. Rouse, John Moore, David Sarfo,
Charles McGlothan, Joshua Jones, Daniel Pierce,
James Dayson, Gerald, Steve Karakson,
Matthew H. Norton, Benjaman Carter, Brian Neelis,
Welch Lonnie, Daniel R. Corder, Julius Runyon,
Wm Cassady, Justin R. Diericks, Willie Moorer,
Richard Sieradzk, Christopher Washington, Brian Beats,
Austin Nowell, Brandon Ruhl, Brian Meyer,
Robert Combs, Antnony Donaldson, Christopher Fette,
Micnael Holten, John Grosnickle, Lee T. Holmes,
Christopher Baldwin, Gary Guyor, Linoel Fouts,
Andrew T. Grott, Walter Walas, Core Herranice,
Dwight A. Stacy, Willie Harwell, Walt Harington,
Nick Koch, Victor Jones, Sheldon Fisher,
Haynes, Lawrence Fitzpatrick, Alec Shane,
Terreance Newton, Brian Hines, Daniel Hoffman,
Gregory Watson, Anthony Ueasley, Marcus Warden,
Teronel Thompson, Stephen Johnson, Joshua Hoff,
Daniel Martinez, Jeffery Smith, Cornelius Wilkins,
Hernandes Holices, Paul B. Lopez, Tyler Viefs
Cruz, Jonathon Cole, John & Jane Does 1 to 99
to be named at a later date plus 20 others
and all others similarly situated
        Plaintiffs

Case: 5:21-cv-12670
Judge: Levy, Judith E.
MJ: Altman, Kimberly G.
Filed: 11-05-2021 At 03:21 PM
PRIS ARTHUR ROUSE ET AL V MI PAROLE BOARD ET AL (SS)

v

Jury Demand &
# Judge Panel

Michigan Parole Board, State of Michigan,
Mich. Department of Corrections ("MDOC"),
MDOC Director Heidi E. Washington,
Parnall Warden Dave Shaver, Brian Shipman,
Edward Heap, Melissa Jennings, Richard Moore,
Anthony King, Tim Flanagan, Sandra Wilson,
Sonia A. Warchock, Jorome Warfield,
Andrianne Langeveld, John & Jane Does 100 to 125,
in their indivigial and official capacities,
        Defendants.

Prepared by:
Arthur J. Rouse, #274237
Primary Plaintiff
Parnall Correction Facility
1780 E. Parnall Road
Jackson, MI 49201-7139
www.Jpay.com (email)

Dana Nessal (P39383)
Attorney for Defendants
Mich. Attorney General
PO Box 30217
Lansing, MI 48909
(517) 335-3055

## CLASS ACTION COMPLAINT

Table of Contents

I.   Parties  A. Plaintiffs (with John & Jane Does)..............1

              B. Defendants (official & individual capacities)..2

II.  Introduction ...........................................3


III. Jurisdiction ..........................................4

IV.  Venue .................................................5

V.   MDOC Grievance Exhaustion ..............................6

VI.  Multi-Count Class Complaint:

         Count One (Denial of Group after 5th Amendment)...........7
         Count Two (Parole Revoked after Refusing Conditions) .....8
         Count Three (Denial of Parole because of Pending Charges) 9
         Count Four (KPEP & RSOP - Denial of Church) .............10
         Count Five (KPEP & RSOP - Denied Access to Courts) ......11
         Count Six (Warrless Search Parole Conditions) ...........12
         Count Seven (Violating Parole with Warrantless Search) ..13
         Count Eight (Parole Board Retaliation after Refused Cond)14
         Count Nine (New Law - Presumptive Parole - Liberty Int.) 15
         Count Ten (Parole Condition not Part of Sentence) .......16
         Count Eleven (Denial of Group until past ERD) ...........17
         Count Twelve (No Rehabilitation until almost released) ..18


VII. Motions Incorporated by Reference ......................19

         a) Motion for Counsel and/or Next of Fried Representation

         b) Emergency Motion for TRO & Preliminary Injunction &
            Ex Parte Video Hearing for Plaintiff Rouse;

         c) Motion for Informa  Pauperus Status;


VIII. Conclusion and Relief Requested.........................20

I.   Parties - A Plaintiffs:

1. Arthur J. Rouse #274237;
2. John P. Moore #713922;
3. David Sarfo #787537;
4. Charles McGlohen #845357;
5. Joshua Jones #521073;
6. Daniel Pierce #409333;
7. James Dayson #213123;
8. Gerald Allen #232749;
9. Steve Karnson #437627;
10. Matthew H. norton #767920;
11. Benjamin Carter #666113;
12. Brian Neelis #220653;
13. Welch Lonnie #190483;
14. Daniel R. Cordes #382878;
15. Julius Runyon #491950;
16. Wm cassady #168235;
17. Justin r. Diericks #472566;
18. Willie Moorer #220642;
19. Richard Sieradzki #193628;
20. Chris Washington #365096;
21. Brian Beals #365096;
22. Austin Nowell #938459;
23. Brandon Ruhl #384566;
24. Brian Meyers #353155;
25. Robert Combs 3213966;
26. Anthony Donaldson #318792;
27. Christopher Fette 3351166;
28. Michael Holton #240844;
29. John grosnickle #620656;
30. Lee T. Holmes #704844;
31. Christopher Baldwin #530060;
32. Gary Guyors #648075;
33. Liroel Fouts #203853;
34. Lonnie Welch #190483;
35. Andrew T. Grott #663906;
36. Walter Walas #927342;
37. Corey Hernandez #357096;
38. Dwight A. Stacey #979888;
39. Willie Harwell #191218;
40. Walt Harrington #501309;
41. Nich Koch #482152;
42. Victor Jones #158270;
43. Sheldon Fisher #643370;
44. Haynes #395669;
45. Lawrence Fitzpatrick #951635;
46. Alec Shane #852375;
47. Terreance Neuton #951635;
48. Brian Hines #879171;
49. Daniel Hoffman #405795;
50. Gregory Watson #344407;
51. Anthony Ueasley #624871;
52. Marcup Warden #980751;
53. jerome Thomson #340505;
54. Stephen Johnson #610944;
55. Joshua Hoff #770974;
56. Danial Martinez #880542;
57. Jeffery Smith #484130;
58. Cornelius Wilkins #805323;
59. Holices H. Ruiz #629082;
60. Paul B. Lopez #571537;
61. Tyler Kiefs #612194;
62. Cruz #721733;
63. Jonathan Cole 3535158;
64. Salge #638444;
65. Matthew J. Gimpson #518608;
66. Jerry b. Pegues #718462;
67. Donald D. Helton #304381;
68. Joshua Fields #870598;
69. Michael P. Lane #687610;
70. Justin Allen #712539;
71. Arthur dana #948689;
72. Steven Jones #776146;
73. Travis havens #669358;
74. Robinson #776191;
75. Craig Alley #437681;
76. Ray Rockman #645286;
77. Robert Sander #478801;
78. Matthew Anderson #844255;
79. Brandon glines #569485;
80. Brandon Terrel #947692;
John & Jane Does 1 to 99 (to be named)
and all others similarly situated.

-1-

Parties Continued - B. Defendants:

Michigan Parole Board PO Box 30003 Lansing, MI 48909;
MDOC Director - Heidi E. Washington, same address;
State of Michigan, Lansing, Michigan
Parnall Warden, Dave Shaver, 1780 Parnall Rd Jackson, MI 49201

Parole Board Members:
Brian Shipman - Parole Chairman (same address as above);
Edward Heap - Parole Board Member;
Melissa Jennings Anthony King-Parole Board Member;
Tim Flanagan - Parole Board Member;
Sonia Amos-Warcnock - Parole Board Member;
Jerome Warfield - Parole Board Member;
Sandra Wilson - Parole Board Member;
Adrianne Van Langevelde - Parole Board Member;
Carolyn Burns - Parole Board Member;

John & Jane Does 100 to 125
  - to be named at a later date;

    The defendants are being sued in the official capacity
(including the Mich Parole Board & State of Mich) for Declaratory
and Injunctive relief.

    Two of the Parole Board Members (Defendant Warfield & Heap)
in their individual capacity for retaliation against Plaintiff
Rouse under 42 USC 1983 & MCL 37.2101 et seq. Retaliation
overrides their quasi-judicial immunity.

Danna Nessal - Mich Attorney General will be the legal
representative for the Defendants (517) 335-7622, PO Box 30212,
Lansing, MI 48909.

-2-

II. INTRODUCTION:

This case involves many years of unconstitutional actions by the Michigan Parole Board and Michigan Department of Corrections ("MDOC") Director Defendant Washington. This proposed class action complaint covers 12 counts of statutory and constitutional (state and federal) violations.

Many of the MDOC prisoners have mental issues and have been given no rehabilitation for most of the time they have been here. Some of these prisoners are veterans suffering from Post Traumatic Stress Disorder ("PTSD"). Some of these prisoners were sexually abused and the authorities refused to believe them.

In addition the Defendants use therapeutic polygraph test as a tool to violate prisoners' 5th Amendment right and charge them with a new crime or to violate their parole. See Villareal, 2017 US Dist Lexis 175733 at *5.

Most states and our 6th Circuit view polygraph test with "great skepticism" because they are "inherently unreliable" and they are not admissible (except in Mich). Pierson, 2002 US Dist Lexis 18928 at *13 (ED Mich) quoting US v Thoma, 676 F3d 288, 308 (6th Cir 1999).

Over 165 MDOC prisoners have died from Covid-19 in the past 500 days and some of those were past their outdate. The MDOC Director falsely claimed in an Court Affidavit that she and the Parole Board were doing everything possible to release prisoners. This was refuted by the Director of the Michigan State Defenders' Office (in June 2020 there was about 500 past their out-date and they had hearings for less then 100. See Exhibits C & D (Affidavit and Detroit News article).

-3-

III. JURISDICTION:

Court jurisdiction for this Class Action complaint comes from Federal Rules of Civil procedures ("FRCP") 23 (class action), FRCP 57 (Declaratory Judgment; FRCP 65 (Injunction & Restraining
Order).

The statutory authority comes from 28 USC 1331 (federal Question); 28 USC 1651, & 2201 (All Writs Act); 28 USC 2202 (Declaratory Judgment or Decree); 28 USC 2241 & 2254 (Writ of Habeas Corpus); 29 USC 701 et seq (rehabilitation act); Americans with disabilites ("ADA")); 34 USC 30301 (Prison Rape Elimination Act) ("PREA"); 42 USC 1981 (Equal Treatment Under the Law); 42 USC 1983, 1985, 1988, (Civil Rights Act); 42 USC 2000cc (Religious Land Use and Institutionalize Persons Act ("RLUIPA").

The state and federal Constitutional violations are: 1st, 4th, 5th via the 14th Amendment, along with Michigan Constitution of 1963, art I, Sec 2 (Equal Protection); art I, sec 4 (worship); art I, sec 14 (Jury Trial); art I, sec 17 (Self Incrimination); art III, sec 2 (Separation of powers); art VI, sec 1 (Judicial Powers) and MCL 37.2101 et seq (Eliott Larsen Civil Rights ("ELCRA"); 28 USC 1367 pendent & supplimental jurisdiction.

This is a 12 count complain covering various issues of the Defendants' statutory and Constitutional violations under state and federal laws including the right to trial under the state and federal Constitution - presumed on untried charges via the 5th Amendment.

-4-

IV.  VENUE:

Venue for a Civil Rights Federal Court Action comes from 28 USC 1391 (Venue).

The Defendant Warden Dave Snaver is locatted at Parnall Correctional Facility Jackson, Michigan which is designated as the Eastern District Southern Division of the US District Court.

The Michigan Parole Board members meet at Parnall Correectional Facility via video conference (due to Covid). The State of Michigan and the MDOC headquarters would be Lansing, Michigan.

All of the Plaintiffs are all located at Parnall Corectional Facility ("Parnall") and for purposes of the Habeas Corpus relief (28 USC 2254) and the Prison Litigation Reform Act ("PLRA") 28 USC 1915, 28 USC 1997e & 18 USC 3626 (prisoner release under Civil Rights violation of 42 USC 1983. The Eastern District as stated above is the proper court.

V.   EXHAUSTION:

Plaintiff Rouse has exhausted the 3 step MDOC grievance procedure on all of his issues and filed a request for a Declaratory Ruling to the Defendant Washington. See Exhibit B (Declaration, Parole sheet, Parole denial, grievance, etc). SMT 2021 06 0635 27D

Plaintiff Harrington also exhausted his MDOC grievance procedures for his issues. He also has some very serious medical issues that compiled with the Coronavirus Disease could cost him his life waiting for the Parole Board. The only other choice he has is to lie in his group and say he committed the 1st degree Criminal Sexual Conduct ("CSC") and spend the rest of his life in prison or max out - he dies either way in here if this court does not intervene. See Exhibit A (Declaration, parole denials, grievances, etc.) SMT 2021 06 0603 28E.

In the Michigan state courts, prisoners cannot appeal parole denials. Nor can they grieve that nor MDOC policy. See Morales v Mich Parole Board, 260 Mich App 29, 38-9 (2003), & Salem v MDOC, 2019 US Dist Lexis 157460 at *45 (ED Mich), Figel, 89 Fed Appx 970, 971 (6th Cir 2004).

The MDOC refuses to give out ADA grievances, even at the law library which means there is no procedures to exhaust. See Doe v Snyder, 945 F3d 951, 962-3 (6th Cir 2019) qoating Ross v Blake, 136 SCt 1850, 1858 (2016). 42 USC 1997e(a). Law Review: Why the PLRA needs fixed, 53 Suffolk UL Rev 799 (2021).

Judicial exhaustion for habeas corpus in Michigan for parole cases is futile because prisoners cannot appeal parole denial. See Morales, 260 Mich App 29, 39 (2003).

-6-

Count One (Denial of Group after 5th Amend):

I.   The Defendant Parole Board Members ("the Board") and the MDOC Dir. Defendant Washington (by and through her therapist) denied Plaintiff Harrington's parole after he took the 5th amendment from untried CSC charges in his Pre-Sentence Investigation Report ("PSI"). He was also removed from group therapy after he refused to admit to untried charges. The Board is now requiring he retake group and the group requires he admit to the untried charges in violation of his right to trial under the 6th Amendment.

This violated his Constitutional rights under the 1st; 5th & 14th Amendment of Procedural Due Process and art I, sec 17 (Self Incrimination) of the Michigan Constitution of 1963. See King v Davis, 688 F supp 2d 689, 691 (ED Mich 2009).

This also violates Equal Treatment (42 USC 1981) via the Equal Protection Clause of the 14th Amendment. The Defendants' action is in violation of the ADA & Rehabilation Act, requiring him to admit to a charge that would keep him in prison for life (he always claimed innocence). Incorporated by reference herein are the documents included in Exhibit A (Declaration, Parole denials, Grievances, etc.). This includes grievance SMT 2021 06 0603 26E.

Incorporated by reference are also the Motions filed this day in the District Court.

-7-

Count Two (Parole Revoked After refusing Conditions):

II.  After the Defendant Parole Board gave Plaintiff Rouse his parole he contacted them to explain he could not waive his 5th Amendment nor his Physician - Patient Privilege (MCL 600.2157) for the same reasons as stated in Count One incorporated herein by reference along with Exhibit B (Declaration, Positive parole; parole denial; grievance; etc.). He also objected to the other conditions as shown in Counts Four to Eight incorporated herein by reference.

At the last Parole Board Interview Rouse was told that they did not feel he was a threat to be released. He told them that they were doing it to shut down his pending lawsuits in the federal courts - they responded by revoking his parole as punishment.

Rouse's case simply paying consenting adults for sex in the privacy of his abode. His conditional plea challenging whether his conviction should have been a simple 90 day misdemeanor instead of a felony of running a House of Prostitution with him being the only customer per People v Smith - the appeal's court refused to hear the issue.

In addition, Michigan uses the polygraph test to violate parolees and to give them new charges which is unconstitutional. Other states refuse to use polygraph tests in court - even for parole because they are unreliable.

-8-

Count Three (Denial of Parole because of Pending Charges):

III. If a MDOC Prisoners goes to the Parole Board and they find they have pending untried charges the Board claims they do not have jurisdiction to parole them - even if their conviction is for non violent crime and the untried charge is the same. This is for charges unrelated to being on parole.

This violates the 6th and 14th Amendment and art I, sec 17 of the Mich Constitution because Americans are innocent unless proven guilty. See People v Sefford, 465 Mich 268, 271 (2001) & In re Worship, 397 US 358, 363 (1970). Also see People v Giacalone, 16 Mich App 352, 356 (1969)(this case reversed the trial courts denial of appeal bond because of pending charges). Many of the named Plaintiffs have experienced this unlawful and unconstitutional act by the Defendants including, but not limited to: Jerry Brown-Peguees, 718467; Matthew Anderson, 844255; Robert Bell, 182562; etc. Some of these prisoners were released and we are getting Declarations from them to incorporated into this complaint.

This also violates the separation of powers and Procedural Due Process & Equal Protection of the 14th Amendment; Equal Treatment of Law 42 USC 1981; art II, sec 2 (Sep. of Powers) and art VI, sec 1 (Judicial Powers) of the Mich Constitution.

-9-

Count Four (KPEP & RSOP - Denial of Church):

IV.   The Parole Board Defendants, as authorized by Defendant Washington, orders parolees to go to into the KPEP & RSOP programs for 6 months or more without any religious programs - nor do they let many of them leave the program. This violates Equal Protection of Law (42 USC 1981); the !4th Amendment of Equal Protection & Due Process along with RLUIPA (42 USC 2000cc).

Michigan gets millions of dollars from the federal government and agrees to honor the religious rights of its citizens - even prisoners.

Under the US supreme Court ruling in Holts, the state must prove that the above action is the least restrictive means. ie. no religious services for the whole time parolees are there - this can never pass Constitutional mustard.

The US Supreme Court and the 6th Circuit has recently mandated during the Covid-19 pandemic that even short periods of Church closure or restrictions establishes irreperable harm. See Cuomo, 141 SCt 63 (11-25-20) and Tandon, 141 SCt 1294 (4-9-21).

-10-

Count Five (KPEP & RSOP Denial of Access to the
Courts):

V.   The Defendants and the Parole Board violated Plaintiff
Rouse's (and others similarly situated) 14th Amendment Right to
access the court when they established KPEP & RSOP programs and
parole conditions that prevent parolees from having their legal
property and use of the law library or any other means to access
the courts.

Under Bounds as modified by Lewis, the state is required to
establish access to the courts by legal assistance or law library
- the KPEP & RSOP programs have neither. See Bounds, 430 US 817
(1977); Lewis, 518 US 343 (1996) & Knop v Johnson, 977 F2d 996,
1010 (6th Cir 1992).

In addition to the Bounds violation, Plaintiff Rouse
suffered actual injury in that he had multiple active cases
pending in the federal court that would have been dismissed
without his legal work and use of a law library or legal counsel.
Rouse had to forfeit his parole to be able to access the courts
and not loose his cases and appeals. See Rouse v Trump, US ED 20-
cv12308, US-COA #201-1523 & Rouse v Whitmer, 20-cv-11409, US-COA
#21-2696 & US Sup. #20-8115.

Plaintiff Rouse explained to the Parole Board that he
believed they gave him the parole to dismiss the above cases. The
state cannot force its citizens to choose between coequal
Constitutional Rights. ie. the only way to accept the parole is
to waive most of the other right to worship, access the courts,
etc.

-11-

Count Six (Warrantless Search Parole Condition):

Parolees must sign an unconstitutional waiver of their 4th Amendment Right for searches at any time for any reason. The only restriction is the search cannot be for the "sole purpose" of harassment MCL 791.236(19).

This requirement violates the 4th Amendment via the 14th and the state Constitution art I, sec 11 (search & seizures) which gives greater protection then the federal Constitution. See People v Peterson, 62 Mich App 258, 267 (1989). See Exhibits A to E incorporated by reference along with all the counts legal argument into each of the counts.

Many of the named and unnamed Plaintiffs have been and/or will be forced to waive their rights or loss their parole which is improper, unethical, unlawful and unconstitutional under Michigan's Constitution which gives more protection then the federal Constitution.

-12-

Count Seven (Violating Parolees with Warrantless Searches):

Parolees are constantly being violated while on parole with these warrantless search by police and the parole agents. This is being done for racism and to harass the parolees in violation of the above US Constitution 14th Amendment along with civil rights (42 USC 1983) and Equal Treatment of Law (42 USC 1981) and the Michigan state laws.

The arrest rate of minorities is 2 to 3 times higher then non minorities. Also see Plaintiff Jerry Brown Pegues #718467, case #20-008701 Macomb; Matthuw Anderson, 844255 case #20-0490-FC Kalamazoo and Dane A. Iscao, case #18-001410-FH, Oakland County.

Declarations will be filed with specific facts to support these allegations within the next 90 days - some of the unnamed plaintiffs were transfered to other prisons and jails.

Count Eight (Parole Board Retaliation):

After Plaintiff Rouse explained to Defendant Warfield that
he had pending legal cases and could not accept all the
conditions.  He further explained that he wanted the parole but
without the unlawful conditions. Warfield and Defendant Heap
retaliated by taking away his parole and lied claiming the Board
now "... lacks reasonable assurance that the prisoner will not
become a menace to society or public safty...^. See Exhibit B.

Under the new Parole Laws (aka presumptive parole) MCL
791.233 et seq, the Board must give substantial and compelling
reasons (791.233(7)) for denying parole to those like Rouse who
are high probability. They simply used a "boiler plate" statement
to hide their retaliation. See Thaddeus-X v Blatter, 175 F3d 378,
394 (6th Cir 1999).

Plaintiff Rouse was clearly engaged in protected conduct
with his legal cases, the Board retaliated by putting a condition
on him that would require him to loose his cases and they took
away his parole because he refused to give up his lawsuit with
their parole conditions. This violated Rouse's 1st & 14th
Amendment right; Right to Equal Treatment (42 USC 1981); & Eliott
Larsen Civil Rights MCL 37.2101 et seq. Plaintiff is also
requesting under state law the 50,000 a year for the Board's
actions along with punitive damages.

Rouse was also engaged in protective conduct when he
implemented his 5th Amended Right to remain silent for the
required polygraph test of any past crimes. The Defendants,
especially the above two Board members punished Rouse because he
chose to remain silent under state or federal laws.

-14-

Count Nine (New Presumptive Parole Law):


Michigan's Public Act 14 of 2019 legislated a new law also known as "Presumptive Parole" codified in MCL 791.233 et seq. This new law requires the Parole Board to release prisoners who have a high probability of parole unless they can find substantial and compelling reasons (as listed) to deny parole. See MCL 791.233(7). This new law creates a liberty interest for those like Rouse and others who are high probability of parole. See Board of Pardons v Allen, 482 US 369, 372 (1987).

In the past, with Michigan previous laws for parole, prisoners did not have a liberty interest under the 14th Amendment because there was too much discretion. See Morales supra. Today, under the new legislation, prisoners who have a high probability of parole and meet all the conditions - as Rouse did, the Board had no discretion. This is why the Michigan changed the parole laws to mandate more prisoner releases.

The Board has abused its authority by denying parole to many prisoners who meet the new criteria. This also violates the state and federal Constitution of Equal Protection of the 14th Amendment and art I, sec 2, and Equal Protection under the Law 42 USC 1981.


In addition, the Board has no authority to add conditions that were not part of the original sentence as stated and incorporated by reference herein is Count Ten and the documents in Exhibit B (Rouse's declaration, Parole Documents, etc.).

-15-

Count Ten (Parole Conditions Not Part of Sentence):

The Parole Conditions of Plaintiff Rouse and other named and unnamed Plaintiffs were not part of their original sentence. The Defendant Parole Board Members have no authority to add those conditions years after the Plaintiffs were sentenced. This violates Due Process & Substantive Due Process of the 4th & 14th Amendment and separation of powers (art III, sec 2) and Judicial Powers (art VI, sec 1 of the Mich Const.).

The Board is untrained in legal matters and they are not authorized under the state of federal Constitution to implement parole conditions under the Due Process Clause as established by the US Supreme Court. See Torsilier, 232 A3d 567, 575 (Penn 2020) (that case deals with registration laws but it gives the legal argument that the sentence must meet Due Process). That court sites Apprendi, 530 US 466 and Alleye, 570 US 99.

As stated by the 6th Circuit (in a federal cases), the parole conditions must be set by the sentencing judge and they must be "directly related to advancing the individuals rehabilitation..." See Doe v Hass, 2012 US Dist Lexis 62283 at *16, quoting US v Ritter, 118 F3d 502, 505 (6th Cir 1997). The Board has clearly overstepped their bounds.

Count Eleven (Denial of Group until Past ERD):


Most of the prisoners in the MDOC including the named and unnamed Plaintiffs, have past or close to their Earliest Release Date ("ERD") before they receive their group therapy ordered by the Receiving & Guidance Center ("RG/C"). Therefore, prisoners are forced to do most of their minimum sentence without the rehabilitation the MDOC has subscribed for them. This violates the federal rehabilitation Act 29 USC 701 et seq. It also violates their plea agreement to only spend a minimum amount of time in prison. It also violates the ADA 42 USC 21201 and the Equal Protection of Law 42 USC 1981.

As stated in Count Twelve and incorporated herein by reference along with Exhibits A to E, prisoners should not be forced to do most of their time until they receive the treatment the state requires. Otherwise, they will be subject to misconducts, fights, possible rapes and other injuries because they were not given the needed help (as mandated by the state). This also violates the 8th Amendment under Cruel and Unusual Punishment Clause. See Brown v Plata, 563 US 493, 551 (2011) & Farmer v Brennan, 511 US 825, 846 (1995).

Please take Judicial Notice under Federal Rules of Evidence ("FRE") 201 that the law library here at Parnall is still only partially opened and no extra time is available. They are still using the lame excuse of Covid to limit our use. Therefore, times is very limited to do the proper research and we are requesting appointment of counsel to fully research these issues.

-17-

Count Twelve (No Rehibilitation Until Almost Released):

The Defendants' policy of waiting for the prisoners to be at or past their release date is in direct violation of the 8th Amendment cruel and unusual punishment as stated in Farmer & Brown supra. It also violates The Rehabilitation Act as stated in Count Eleven incorporated herein by reference along with Exhibits A to E thereof.

Many of these prisoners suffer from mental issues including veterans who suffer from Post Traumatic Stress Disorder ("PTSD") with little to no help for their conditions.

Many of these prisoners are exposed to violence, thefts and rapes while in those conditions without the need rehabilitation or help. The Prison Rape Elimination Act (34 USC 30301) confirms this claiming there has been or will be over 200,000 rapes in American's jails and prisons (sec 2). The Doe v Snyder case 945 F3d 951 (6th Cir 2019) also confirms this, plus many other Michigan cases of rapes, abuse and corruption.

Please take Judicial Notice that the Rehabilitation Act is a private right of action for monitary damages along with 42 USC 1983. See Kaufman, 952 F Supp 520 (WD Mich 1996) & US v Georgia, 546 US 151 (2006). We are seeking damages for their failure to act under the above statutes and Elliott Larsen Civil Rights Act.

-18-

VII. Motions Incorporated by Reference:

a) Motion for Coundsel and/or Next of friend Representation
    by Plaintiff Rouse;

b) Emergency Motion for TRO, Preliminary Injunction & Ex Parte
    - Video Hearing for Plaintiff Rouse;

c) Motion for Leave to Proceed In Forma Pauperis & Request for 3
Judge Panel (to waive fees & process service);

Verified Complaint:

    The above facts are given under penalty of perjury under 28
USC 1746, is true and correct to the best of our knowledge.

--19-

VIII. Conclusion & Relief:

Summary of Plaintiffs Issues:
1. Harrington was denied group and parole because he took the 5th Amendment on untried charges;
2. Rouse lost his parole because he objected to:
    a) access to the courts;
    b) Waiving of 5th Amend., Therapist confidentiality;
    c) Denial of all religious services;
3. Others denied parole because of new charges;
4. Warrantless searches of parolees;
5. Parole Board retaliated after Rouse objected to conditions;
6. New Mich. law mandates liberty interest; &
7. No rehabilitation until end of sentence.

Relief Requested:

Wherefore, the Plaintiffs pray this Honorable Court will:
1. Order the Parole Board to release Harrington & Rouse or grant Bail per Malan supra;
2. Order the State of Michigan to permit legal work, law library & religious services at KPEP & RSOP;
4. Rule the warrantless searches of MCL 791.236(19) unconstitutional;
5. Order the Parole Board to pay Rouse restitution for the retaliation against him at 50,000 a year;
6. Declare the 2019 presumptive parole law mandates a liberty interest for parole; &
7. Order the MDOC to start rehabilitation at the beginning of prisoner's sentences.

Dated: November 1st, 2021

Respectfully submitted,

-20-

*** Lawsuit on Mich Parole Board - Groups & Conditions ***

| Name (print) | Prison # | Lock | Signature (Sign) |
|---|---|---|---|
| Victor Jones | 158270 | 11-1-A | Victor Jones |
| Corey Hernandez | 357096 | 43-1-A | corey hernandez |
| Fisher, Sheldon | 643370 | 48-3-A | Sh. Fw |
| Austin Nowell | 938459 | 2-4-A | Austin Nowell |
| Haynes | 398669 | 12-1-A | Haynes |
| LAWRENCE FITZPATRICK | 946883 | 66-2-A | Fitzpatrick |
| Alec Shane | 852375 | 27-1-A | Alec Shane |
| Terreance Newton | 951635 | 27-4-A | |
| BRIAN HINES | 879171 | 76-4-A | |
| Daniel Hoffman | 405795 | 61-3-A | D Hoff |
| Gregory Watson | 344407 | 32-4-A | G. Watson |
| ANTHONY VEASLEY | 624871 | 40-4-A | |
| Marcus Warden | 980751 | 11-3-A | Marcus Warden |
| Terral Thompson | 340505 | 53-4 | Terral Thompson |
| Stephen Johnson | 610944 | 51-3-A | |
| Joshua Hoff | 770974 | 36-3-A | Joshua Hoff |
| Daniel Martinez | 880542 | 18-4-A | Dual Martinez |
| Jeffery SMITH II | 484158 | 31-4-A | Jeffery Smith II |
| Cornelius Wilkins | 805323 | 27-3-A | Cornelius Wilkins |
| Ulices Hernandez-Ruiz | 629082 | 46-4-A | |
| Raul Becerra López | 521533 | 51-4-A | Raul Becerra López |
| Tyler Kiefs | 612194 | 37-4-A | |
| Cruz | 721733 | 47-4-A | Cruz |
| Jonathan cole | 535158 | 3-4-A | genathan cole |
| Salyer | 638444 | 15-4-A | |

*** Lawsuit on Mich Parole Board - Groups & Conditions ***

| Name (print) | Prison # | Lock | Signature (Sign) |
|---|---|---|---|
| Brandon Ruhl | 364566 | 59-3-A | Brandon Ruhl |
| Brian Meyer | 353155 | 70-3-A | Brian R. Meyer |
| Robert Combs | 213966 | 26-1-A | Robert Combs |
| Anthony Donaldson | 318742 | 14-3-A | Anthony Donaldson |
| Christopher Fette | 235166 | 64-4-7 | Christopher F. |
| Michael Holton | 240844 | 35-4-A | M Holton |
| John Grosnickie | 620656 | 4-1-A | John M Gross |
| Lee Thomas Holmes | 704609 | 58-3-AS | Lee |
| Christopher Baldwin | 530060 | 67-1B | C Baldwin |
| W^m Casserly | 168235 | 79-3-A | W^m Casserly |
| Gary Guyor | 648075 | 10-3-A | Gary Guyor |
| Linsel Funts | 203853 | 35-3-A | Linsel Funts |
| Welch Lonnie | 190483 | 30-3-A | Lonnie Welch |
| Andrew T. Grott | 163906 | 42-1-A | Andrew T. Grott |
| Walter Walas | 927342 | 36-1-A | Walter Wila |
| Cory Hernandez | 351196 | 43-1-A | Cory Hernandez |
| Dwight A Stacey II | 979888 | 27-1-A | Dwight A Stacey II |
| Willie Harwell | 191218 | 24-1-A | Willis Harwell |
| Walt Harrington | 501309 | 44-1-A | Walt Harrington |
| Nick Koch | 482158 | 03-7-A | Nick Koch |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*** Lawsuit on Mich Parole Board - Groups & Conditions ***

| Name (print) | Prison # | Lock | Signature (Sign) |
|---|---|---|---|
| Jerry Brown-Pegues | 718467 | 57 B 9 | |
| Donald D. Hellton, Jr. | 304381 | 27-3-9 | |
| Joshua Fields | 870590 | 28-3-9 | Joshua Fields |
| Greg Murray | 253038 | 58·B·9 | Greg Murray |
| Justin Allen | 712539 | 4 45 9 | |
| Dana Graham | 948699 | 61 3 9 | |
| James Stevens | 776146 | 16·B·9 | |
| Travis Havens | 669358 | 30-3-9 | Travis Havens |
| Craig Alley | 437681 | 69-5-9 | |
| Robinson | 776171 | 84-1-9 | |
| Charles Cassell Jr | 965474 | 61-1-9 | |
| Raymond Rockman | 645286 | 52·3·9 | Raymond Rockman |
| Robert Sanders | 478801 | 61-B-9 | Robert Sanders |
| Matthew Anderson | 844255 | 44·4·9 | |
| Brandon Glines | 569485 | 65B10 | Brandon Glines |
| Brandon Terrell | 947692 | 18·4-9 | Brandon |

-23-

| Name | Prison # | Lock | Signature |
|------|----------|------|-----------|
| Arthur J. Rouse | 274237 | 28-3-A | *Arthur J. Rouse* |
| John Moore | 717922 | 9-4-10 | *John Moore* |
| David Saifo | 787531 | 11-4-10 | *signature* |
| Charles McGlothan | 845357 | 12-4-10 | *signature* |
| Joshua Jones | 521073 | 27-4-10 | *signature* |
| Daniel Pierce | 409333 | 29-3-9 | *signature* |
| James Dyson | 213123 | 5-4-10 | *James Dyson* |
| Gerald Allen | 232749 | 28-3-10 | *signature* |
| STEVE KARASON | 437627 | 24-1-10 | *Steve Karason* |

-24-

*** Lawsuit on Mich Parole Board - Groups & Conditions ***

| Name (print) | Prison # | Lock | Signature (Sign) |
|---|---|---|---|
| Matthew H. Norton | 767920 | 61-4-A South | Matthew H. Norton |
| Benjamin Carter | 666113 | 13-3-A South | Benjamin Carter |
| Brian Neelis | 220653 | 80-3-A South | Brian Leo Neelis |
| Welch Lonnie | 190483 | 20-3-A | Lonnie Welch |
| Daniel R Corder | 382878 | 66-4-A | Daniel R Corder |
| Julius Runyon | 491950 | 22-4-A | Julius Runyon |
| W McCassady | 168235 | 79-3-A | W McCassady |
| Justin R. Diericks | 472566 | 12-3-A | Justin R. Diericks |
| Willie Moore | 220642 | 24-3-A | Willie Moorer |
| Richard Sieradzki | 193629 | 77-3-A | Richard Sieradzki |
| Christopher Washington | 365096 | 39-3-A | Christopher Washington |
| Brian Beals | 241496 | 55-3-A | Brian Beals |
| Austin Nowell | 938459 | 2-4-A | Austin Nowell |

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Arthur J. Rouse, Pro-se et al (Multiple Plaintiffs)

**DEFENDANTS**
Mich. Parole Board et al

**(b)** County of Residence of First Listed Plaintiff  Jackson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Ingham & Jackson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Arthur J. Rouse, 274237
1780 E Parnall Road
Jackson, MI 49201-7139

Attorneys *(If Known)*
Dana Nessel (Mich Attn. Gen)
PO Box 30217
Lansing, MI 48909

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☒ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:  Injunctive Relief (Prison Condition / Parole)

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Yes

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    None related

JUDGE _____   DOCKET NUMBER _____

DATE  11-3-21

SIGNATURE OF ATTORNEY OF RECORD  Arthur J. Rouse, Arthur J. Rouse, Pro-se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



Arthur J. Rouse #274237
Parnall Correction Facility
1780 E. Parnall Road
Jackson, MI 49201-7139

RECEIVED
NOV 15 2021
CLERKS OFFICE
U.S. DISTRICT COURT

1115/21

Kinikko D. Sbiks,
Clerk of the Court
U.S. District Court
231 W. Lafayette Blvd.
Detroit, MI 48226