UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Arthur J. Rouse, *et al.*,

              Plaintiffs,      Case No. 21-cv-12670

v.                                 Judith E. Levy
                                   United States District Judge

Michigan Parole Board, *et al.*,
                                   Mag. Judge Kimberly G. Altman

              Defendants.

_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

### I.    Background

On November 5, 2021, Plaintiff Arthur J. Rouse filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff Rouse identified himself as the Lead Plaintiff, but the complaint listed approximately eighty other Michigan prisoners and parolees as additional Plaintiffs. (*Id*. at PageID.1, 3.) Plaintiffs collectively sought relief for twelve separate counts as listed in the complaint. (*Id*. at PageID.2.)

On May 19, 2022, the Court entered an order severing Plaintiff Rouse's case from the remaining Plaintiffs and dismissed the other

Plaintiffs without prejudice. (ECF No. 17.) Plaintiff Rouse was given thirty days from the date of that order to file an amended complaint removing the remaining Plaintiffs and addressing only those allegations that pertained to him. (*Id.* at PageID.122.) The Court further ordered that, within thirty days of the date of the order, Plaintiff Rouse must (1) prepay the filing fee of $350.00, plus the administrative fee of $52.00, for a total of $402.00, or (2) file an application to proceed without prepaying the fees and costs and submit the required additional documents. (*See id.* at PageID.123–125.) The Court warned Plaintiff Rouse that failure to comply with the Court's order could result in the dismissal of his complaint for want of prosecution. (*See id.* at PageID.125–126.)

To date, Plaintiff Rouse has not responded to the Court's May 19, 2022 Order, corrected his filing deficiency, or filed an amended complaint.

**II. Discussion**

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Nolan v. Comm'r of Soc. Sec.*, No. 19-13401, 2020 WL 9763072, at *1 (E.D. Mich. Mar. 10, 2020) ("A court may

dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order."), *report and recommendation adopted*, No. 19-cv-13401, 2020 WL 9763071 (E.D. Mich. June 19, 2020); *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991) (stating that Rule 41(b) "authorizes the district court to dismiss a plaintiff's action for failure to prosecute"). Although the rule contemplates a dismissal on motion of a defendant, the Supreme Court has held that district courts may dismiss a case *sua sponte* under Rule 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962). Eastern District of Michigan Local Rule 41.2 also authorizes the dismissal of a case on the Court's own motion following reasonable notice "when it appears . . . that the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

When contemplating the dismissal of a case for failure to prosecute or to comply with a court order, the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

3

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, Plaintiff Rouse still has not paid the filing and administrative fees for his complaint. Nor has he applied for permission to proceed without prepaying the fees and costs even though he commenced this case in November 2021 and has been ordered to correct the procedural deficiency. Furthermore, Plaintiff Rouse has failed to file an amended complaint as directed by the Court. Plaintiff Rouse, who has been otherwise active in this case,[1] has failed to comply with the Court's May 19, 2022 order. Plaintiff Rouse had ample time to file a response to the Court's May 19, 2022 order, or to demonstrate why Plaintiff Rouse

---

[1] *See, e.g.,* ECF No. 4 (in which Plaintiff Rouse filed a Motion for Temporary Restraining Order, Preliminary Injunction, and Ex Parte Video Hearing); ECF No. 15 (in which Plaintiff Rouse filed a notice of change of address).

needed more time to respond. There is no indication on the docket that the order was returned to the Court as undeliverable. Thus, the first factor weighs against Plaintiff.

The second factor—whether the adversary was prejudiced by the party's conduct—weighs in Plaintiff's favor because none of the Defendants has been served with the complaint or has filed an appearance in this case. As a result, Defendants have not been prejudiced by Plaintiff's conduct.

The third factor weighs against Plaintiff. "Prior notice, or the lack thereof, is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned Plaintiff that failure to comply with the Court's orders would lead to the dismissal of his case.

As for the fourth factor, the Court considered less drastic sanctions against Plaintiff for his failure to comply with the statutes and case law governing the filing fee for civil complaints. The Court issued a deficiency order and gave Plaintiff ample time to correct the deficiency.

In sum, three of the four factors listed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case for want of prosecution and for failure to comply with the Court's order. Accordingly, the Court will dismiss the complaint without prejudice for want of prosecution, because of Plaintiff Rouse's failure to comply with the deficiency order. *See Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004).

### III. Conclusion

For the reasons set forth above, this case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

IT IS SO ORDERED.

Dated: July 11, 2022          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2022.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager